IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| In re: | ) | C/A No.: 3:10-626-JFA |
| | ) | |
| Gina Anasti Lee, | ) | **ORDER** |
| | ) | |
| Debtor. | ) | |
| | ) | |

This matter comes before the court on the appeal of appellant Gina Anasti Lee (the "Debtor") from the bankruptcy court's order (the "Merits Order") granting appellee James Anasti's ("Anasti") the motion to dismiss. Debtor also appeals the bankruptcy court's ruling denying Debtor leave to amend her complaint. The parties fully briefed the appeals and presented argument to the court at a May 4, 2010 hearing, and the court took the matters under advisement. This order serves to announce the ruling of the court as to Debtor's appeal from both orders.

I. Background

This case arises out of a tortured factual and procedural background and concerns the efforts of the Debtor to bring real property, located at 2325 Two Notch Road, Columbia, South Carolina (the "Property"), into her bankruptcy estate. In 1978, Albert Anasti, Debtor's father, jointly deeded the Property in the name of himself and his son, appellee James Anasti ("Anasti"). Albert Anasti died in 1995, and left the property to Debtor in his will. The will was probated in the Richland County Probate Court and Debtor secured a Deed of Distribution to the Property, which was filed in the Richard County Register of Deeds, then known as the Richland County Register of Mesne Conveyances. Debtor then successfully

rented the property for use as a restaurant until 1999, when she sold the Property to her commercial tenants, Goodwin and Wilson. The property sold for $177,000, with a $50,000 cash down payment, and owner financing in the amount of $122,000.

In December 2003, Debtor, Anasti, Goodwin, and Wilson were named as defendants in a lawsuit filed by the South Carolina Department of Transportation ("SCDOT"), which sought to condemn a portion of the Property. During the pendency of the 2003 SCDOT lawsuit, it came to light that the law firm charged with performing the title search in connection with the sale to Goodwin and Wilson failed to discover Anasti's interest in the property. Thereafter, Goodwin and Wilson promptly stopped making payments on the mortgage. On January 28, 2007, Anasti filed an action to quiet title to the property in the Richland County Court of Common Pleas, and the court entered partial summary judgment in his favor on October 26, 2007 (the "Quiet Title Action"). After some procedural wrangling, the Quiet Title Action is now properly before the court of appeals, with merits briefing to begin shortly.

On April 16, 2009, Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code, and listed the Property as an asset with a value of $167,000. Debtor's filing effected a stay of the Quiet Title Action pursuant to 11 U.S.C. § 362. On June 22, 2009, the Chapter 7 Trustee filed a report of no distribution, finding no property available for distribution from the estate. The Debtor then moved to convert her Chapter 7 case to Chapter 13. On August 20, 2009, Debtor initiated a Chapter 13 adversary proceeding against Anasti in bankruptcy

court concerning the ownership of the Property. Anasti thereafter moved to lift the § 362 stay for the purpose of allowing the Quiet Title Action to proceed. The bankruptcy court granted Anasti's motion, Debtor appealed, and this court affirmed by prior order. Anasti thereafter moved to dismiss alleging insufficiency of service of process, lack of jurisdiction, and failure to state a claim pursuant to Rule 12. Fed. R. Civ. P. 12(1), (5), and (6). Just prior to the bankruptcy court issuing the Merits Order, Debtor filed a motion to amend her complaint, which the bankruptcy court denied. The bankruptcy court thereafter granted Anasti's motion to dismiss, though indicated that such dismissal was without prejudice and with leave to refile upon conclusion of the Quiet Title Action.

II.     Discussion

In the Merits Order, the bankruptcy court dismissed the state-law adverse possession claims on the basis of comity and judicial economy and the § 544(a) avoidance action for lack of standing. In a related but separate order, the bankruptcy court denied Debtor leave to amend her complaint. Debtor argues that she, as opposed to the Chapter 13 trustee, is entitled to institute litigation on her own authority pursuant to § 544(a). Debtor also asserts that the Merits Order improperly relied on the Rooker-Feldman doctrine in dismissing her complaint.

    A.     Standard of Review

In ruling on a motion to dismiss, the court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff. Nemet Chevrolet,

3

Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250 (4th Cir. 2009). A district court reviewing an appeal from a bankruptcy court reviews questions of law de novo, and factual findings for clear error. In re Bogdan, 414 F.3d 507, 510 (4th Cir. 2005). A bankruptcy court's decision to abstain pursuant to 28 U.S.C. § 1334(c) is reviewable for abuse of discretion. In re Middlesex Power Equipment & Marine, Inc., 292 F.3d 61 (1st Cir. 2002); In re Gober, 100 F.3d 1195, 1207 (5th Cir. 1996); In re Pan Am Corp., 950 F.2d 839, 844 (2d Cir. 1991).. Standing is assessed as of the time the action was commenced. Lujan v. Defenders of Wildlife, 504 U.S. 555, 570 n.5 (1992).

    B.    Standing of Chapter 13 Debtor to Assert § 544(a) Avoidance Powers

Debtor argues that she has the ability to pursue litigation on behalf of the bankruptcy estate. That proposition is not particularly controversial. Though the Fourth Circuit has not yet considered the issue, each circuit to have considered it has found that Chapter 13 debtors have standing to bring claims in their own name on behalf of the bankruptcy estate. See, e.g., Smith v. Rockett, 522 F.3d 1080, 1081 (10th Cir. 2008); Crosby v. Monroe County, 394 F.3d 1328, 1331 n.2 (11th Cir. 2004); Cable v. Ivy Tech State College, 200 F.3d 467, 474 (7th Cir. 1999) (ADA claim); Olick v. Parker & Parsley Petroleum Co., 145 F.3d 513 (2d Cir. 1998) (class action fee application). If the pursuit of litigation in the name of the estate was all that Debtor sought, there would be little issue with her chosen course. However, by the face of her complaint and argument at the May 5, 2010 hearing, she seeks to exercise the strong-arm powers of the Chapter 13 trustee pursuant to § 544(a), which is an altogether different

4

animal.

Section 544 provides that "[t]he Trustee . . . may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable" under certain circumstances. 11 U.S.C. § 544(a). Chapter 11 debtors are expressly granted the power to exercise these powers pursuant to 11 U.S.C. § 1107, while Chapter 13 debtors enjoy no such statutory grant. The sole specific statutory grant applicable to Chapter 13 debtors is found at § 522(h), which only applies to the avoidance of transfers in the narrow case of exempt property (such as a homestead exemption). Despite this lack of a specific statutory grant, a variety of bankruptcy courts have found that a Chapter 13 debtor may exercise the full panoply of weapons offered by § 544(a). See, e.g., In re Freeman, 72 B.R. 850 (Bankr. E.D. Va. 1987) (reading legislative comment to 11 U.S.C. § 1303 in conjunction with the statute to conclude that debtor enjoys concurrent right with trustee to exercise § 544(a) powers); In re Ottaviano, 68 B.R. 238, 240 (Bankr. D. Conn. 1986) (same); but see In re Hollar, 174 B.R. 198, 203 (M.D.N.C. 1994) ("It is obvious that Congress could have given Chapter 13 debtors the same broad sweep of powers given in Chapter 11 but chose not to do so.").

In Hartford Underwriters Ins. Co. v. Union Planters Bank, the United States Supreme Court held that, in the context of the bankruptcy code, where a statute "names the parties granted the right to invoke its provisions, . . . such parties only may act." 530 U.S. 1, 6 (2000). Decisions since Hartford have trended toward a different result, finding that a debtor lacks a trustee's avoidance powers under Chapter 5. See, e.g., In re Stangel, 219 F.3d 498,

5

501 (5th Cir. 2000); In re Eads, 417 B.R. 728 (Bankr. E.D. Tex. 2009); In re Funches, 381 B.R. 471 (Bankr. E.D. Pa. 2008); In re Binghi, 299 B.R. 300 (Bankr. S.D.N.Y. 2003); In re Scott, 260 B.R. 375 (Bankr. D.S.C. 2001); But see In re Cohen, 305 B.R. 886 (BAP 9th Cir. 2004) (finding that a Chapter 13 debtor possesses full avoidance powers, but failing to consider Hartford.). The split appears to come down to those courts that attribute great weight to the legislative comment to § 1303, and those that follow the Supreme Court's edict of statutory construction in Hartford. The court has reviewed the relevant precedents and the Merits Order de novo, and finds that Debtor does not have standing to exercise avoidance powers pursuant to § 544(a).

C. Abstention

The bankruptcy court dismissed the state-law adverse possession claims without prejudice, stating only that it did so on the basis of judicial economy, and relying on its prior order to flesh out its rationale. The bankruptcy court's decision appears to be based on 28 U.S.C. § 1334, which allows a district court to abstain from hearing state-law claims related to bankruptcy cases in the interest of justice, in the interest of comity, or out of respect for state law. Circuit courts to have considered permissive abstention consider several factors, including: (1) the extent to which state law issues predominate over bankruptcy issues; (2) the presence of a related proceeding commenced in state court or other nonbankruptcy court; (3) and the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties. See In re Middlesex, 292 F.3d 61, 69. Because state

6

law predominates, the state-court action has proceeded to the court of appeals, and the timing of the bankruptcy action gives rise to an inference of forum shopping, the court finds that the bankruptcy court did not abuse its discretion in abstaining from hearing the adverse possession claims.

D. Leave to Amend

Leave to amend should be freely granted when justice so requires. Fed. R. Civ. P. 15. Here, justice does not so require. The court found above that the debtor lacks standing to exercise § 544(a) avoidance powers and that the bankruptcy court did not abuse its discretion in declining to hear the state-law claims. Debtor provided no new facts to the bankruptcy court nor explained her delay in seeking amendment. Debtor offered no argument concerning her motion to amend at the May 5, 2010 hearing, and reiterated her position that she was proceeding pursuant to § 544. The bankruptcy court denied the motion on the basis of futility and undue delay, and this court affirms. Also, because the bankruptcy judge has exercised its discretion to abstain from hearing the state law claims until the conclusion of the appeal and has dismissed the complaint without prejudice, any amendment to the complaint would be of little benefit to the Debtor at this juncture.

III. Conclusion

Based on the foregoing, the court hereby affirms the bankruptcy court's rulings in full, as expressed in the Merits Order and the order denying leave to amend.

IT IS SO ORDERED.

　　　　　　　　　　　　　　　　　　　　　　　_Joseph F. Anderson, Jr._

May 6, 2010　　　　　　　　　　　　　　　　Joseph F. Anderson, Jr.
Columbia, South Carolina　　　　　　　　　United States District Judge