IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| In re: | ) | C/A No.: 3:10-626-JFA |
| | ) | |
| Gina Anasti Lee, | ) | **ORDER** |
| | ) | |
| Debtor. | ) | |
| | ) | |

This matter comes before the court on the motion for rehearing (Dkt. No. 14) of appellant Gina Anasti Lee (the "Debtor") on the court's May 7, 2010 judgment affirming the bankruptcy court. (Dkt. No. 12.) Rule 8015 provides that "a motion for rehearing may be filed within 14 days after entry of the judgment of the district court." Fed. R. Bankr. P. 8015. However, Rule 8015 fails to specify a standard for granting rehearing and the Fourth Circuit has not yet weighed in on the question. Courts considering Rule 8015 motions generally look to Rule 40 of the federal appellate rules for guidance, and this court will do the same. In re Zegeye, No. 2004-1387, 2005 WL 544763, at *2 (D. Md. March 4, 2005); BCORP-HRT, LLC v. Lobb, 66 Fed. App'x 164, 165 (10th Cir. 2003).

Rule 40 provides that a petition for rehearing is appropriate only where the petitioner states "with particularity each point of law or fact that the petitioner believes the court has overlooked or misapprehended." Fed. R. App. P. 40(a)(2). Because petitions for rehearing function to ensure that the appellate court properly considered all relevant information in coming to its decision, petitions for rehearing should not simply reargue the petitioner's case or assert new grounds. See Armster v. U.S. Dist. Court for C.D. Cal., 806 F.2d 1347 (9th Cir. 1986).

After reviewing the arguments made in Debtor's motion for rehearing, the court finds no point of law overlooked or misapprehended, and concludes that Debtor seeks only to reargue points already decided. Accordingly, the court hereby denies Debtor's motion for rehearing (Dkt. No. 14).

IT IS SO ORDERED.

June 1, 2010
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge